UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE PAUL DAVID BUHL, | Civil No. 3:19-CV-01190 (KAD) |
| *Debtor-Appellant* | Bankr. No. 19-30803 (AMN) <br> Chapter 13 |

April 13, 2020

## MEMORANDUM OF DECISION

Kari A. Dooley, United States District Judge:

Pending before the Court is the appeal of debtor Paul David Buhl (the "Appellant") from an order of the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court") dismissing Appellant's Chapter 13 bankruptcy case for cause and imposing a one-year filing bar effective through July 18, 2020. Appellant filed his brief on October 9, 2019 (ECF No. 14) and a "Corrected Brief" on October 17, 2019 (ECF No. 15), which the Court treats as the operative pleading. Federal National Mortgage Association ("FNMA," or the "Appellee") did not file a response to Appellant's brief and instead filed a motion to dismiss Appellant's appeal on September 26, 2019.[1] (ECF No. 13.) Interested Party Roberta Napolitano (the "Trustee") filed her brief on November 8, 2019. (ECF No. 17.) For the reasons that follow, the order of the Bankruptcy Court is AFFIRMED.

---

[1] In its brief FNMA asserts that Appellant's arguments on appeal are barred by the *Rooker-Feldman* doctrine as well as by the doctrines of *res judicata* and collateral estoppel. Because the Court will affirm the order of the Bankruptcy Court under its abuse of discretion review, as discussed *infra*, it does not reach the bases upon which FNMA seeks dismissal and accordingly denies FNMA's motion as moot.

1

**Background**

This action is but one chapter in what has been protracted litigation over the foreclosure of property owned by Appellant's wife, Luce L. Buhl ("Ms. Buhl"), located at 12 Casner Road in East Haddam, Connecticut (the "Property"). Liberty Bank, the mortgage holder and FNMA's predecessor-in-interest, initiated foreclosure proceedings against the Buhls in the Superior Court in 2011. *See Liberty Bank v. Buhl, Paul et al.*, No. MMX-CV11-6006186-S (Conn. Sup. Ct. filed Oct. 6, 2011) (hereafter "*Liberty Bank*"). After foreclosure orders were entered in that case Ms. Buhl filed three separate Chapter 13 bankruptcy petitions. Each coincided with a scheduled date upon which the Property was to be sold and each ultimately had the effect of forestalling the foreclosure sale. All three Chapter 13 petitions were dismissed, with the final dismissal including a 180-day ban on Ms. Buhl becoming a debtor under the Bankruptcy Code. *See* Order Dismissing Chapter 13 Case with Prejudice, *In re Luce L. Buhl*, No. 14-30074 (ECF No. 41) (Bankr. D. Conn. April 24, 2015). Before dismissing the third petition the Bankruptcy Court (Manning, *C.J.*) entered an order lifting the automatic stay and permitting Liberty Bank to enforce its foreclosure remedies. *See* Order Granting Liberty Bank Motion for Equitable Relief and In Rem Order, *In re Luce L. Buhl* (ECF No. 36) (Bankr. D. Conn. Feb. 11, 2015). The Bankruptcy Court's order further provided "that this Order shall be binding on the Debtor and the record owners of the property for a period of 2 years" and "on and in any subsequent Title 11 filings by any owner/occupant of the property such that the stay shall remain lifted until the foreclosure action is complete." *Id.* at 1. The Bankruptcy Court directed that its Order be recorded in the East Haddam land records and that notice be given to the appropriate state court or judicial authority. *Id.* at 1–2.

The Superior Court subsequently reset the sale day to June 6, 2015. *See* Order, *Liberty Bank* (Entry No. 144.10) (Conn. Sup. Ct. April 6, 2015). With the filing ban in place as to Ms.

Buhl, Appellant proceeded to file his own Chapter 13 bankruptcy petition, which the Bankruptcy Court (Manning, *C.J.*) dismissed without prejudice following his failure to file required documents. Order, *In re Paul David Buhl*, No. 15-30942 (ECF No. 12) (Bankr. D. Conn. July 29, 2015). The Superior Court again reset the sale day—this time to May 21, 2016, prompting Appellant to file another Chapter 13 petition on May 19, 2016, which the Bankruptcy Court (Nevins, *J.*) later dismissed without prejudice pursuant to 11 U.S.C. § 1307(c). *See* Order, *Liberty Bank* (Entry No. 174.10) (Conn. Sup. Ct. Dec. 21, 2015); Order, *In re Paul David Buhl*, No. 16-30778 (ECF No. 46) (Bankr. D. Conn. March 6, 2017).

The Property was eventually sold during the pendency of Appellant's second Chapter 13 bankruptcy petition. Appellant filed a bankruptcy notice in the Superior Court in connection with that petition, which the Superior Court declared "a nullity and filed in bad faith," citing the Bankruptcy Court's February 11, 2015 order lifting the stay for a two-year period not only as to petitions filed by Ms. Buhl but also any occupant of the Property. *See* Order, *Liberty Bank* (Entry No. 182.10) (Conn. Sup. Ct. July 7, 2016); *see also* Order, *Liberty Bank* (Entry No. 183.20) (Conn. Sup. Ct. July 18, 2016). In November 2016 the Superior Court entered a supplemental judgment ratifying the sale of the Property and ordering Ms. Buhl to deliver possession to the purchaser. *See* Order, *Liberty Bank* (Entry No. 199.00) (Conn. Sup. Ct. Nov. 14, 2016).

Appellant, meanwhile, filed a federal action against Liberty Bank, FNMA, and Committee of Sale William Grady pursuant to 42 U.S.C. § 1983 in which he alleged that the foreclosure of the Property violated his right to due process under the Fourteenth Amendment because it contravened the automatic stay of any foreclosure afforded by his then-pending Chapter 13 petition. *See* Compl., *Buhl et al v. Grady et al*, No. 3:16-CV-1808 (VLB) (ECF No. 1) (D. Conn. Nov. 2, 2016). The District Court (Bryant, *J.*) dismissed Appellant's complaint for lack of subject

matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See* Order, *Buhl et al v. Grady et al* (ECF No. 9) (D. Conn. Nov. 8, 2016). Appellant filed a notice of appeal, and on March 23, 2017, the Second Circuit Court of Appeals granted Appellees' motion to dismiss the appeal as frivolous. *See* Mandate of USCA, *Buhl et al v. Grady et al* (ECF No. 12) (D. Conn. June 12, 2017). Appellant's petition for certiorari was denied by the United States Supreme Court on October 2, 2017. *See* Record on Appeal at 281.

After Liberty Bank quit claimed the property to FNMA, the latter proceeded to bring eviction proceedings against the Buhls in the Superior Court. *See Federal National Mortgage Assoc. AKA Fannie v. Buhl, Paul et al.*, No. MMX-CV17-6017516-S (Conn. Sup. Ct. filed March 29, 2017) (hereafter "*FNMA v. Buhl*"). The Superior Court entered a judgment of possession in favor of FNMA, which the Buhls appealed. *See* Order, *FNMA v. Buhl* (Entry No. 122.10) (Conn. Sup. Ct. July 3, 2017). On December 25, 2018, the Connecticut Appellate Court issued an opinion and order affirming the judgment of the trial court, *see* Opinion by Appellate Court, *FNMA v. Buhl* (Entry No. 134.10) (Conn. Sup. Ct. Dec. 25, 2018), and the Connecticut Supreme Court denied the Buhls' petition for certification to appeal, *see* Appellate Court Order, *FNMA v. Buhl* (Entry No. 136.10) (Conn. Sup. Ct. Mar. 13, 2019).

Appellant filed the instant Chapter 13 petition on May 16, 2019, soon after FNMA issued its eviction notices following the Buhls' unsuccessful state court appeals. He also brought a parallel adversary proceeding in which he alleged that the foreclosure violated the prior automatic bankruptcy stay effected by his second bankruptcy petition and sought, *inter alia*, a temporary injunction against any entry or conveyance of the Property, a declaration that the foreclosure and conveyance of the Property to Liberty Bank and, subsequently, to FNMA were void, and damages for his alleged injuries. Compl., *In Re Paul David Buhl*, No. 19-30803 (hereafter "*In re Buhl*")

(ECF No. 7) (Bankr. D. Conn. May 20, 2019).  Appellant additionally asserted a claim pursuant to 42 U.S.C. § 1983 for violations of his federal constitutional rights.  On June 3, 2019, Appellant filed his Chapter 13 Plan in which he represented that he would make monthly payments of $1,850.00 to the Trustee on behalf of Liberty Bank for a period of 60 months.  Plan at 3–5, *In Re Buhl* (ECF No. 11) (Bankr. D. Conn. June 3, 2019).  In an attachment to the Plan, however, Appellant indicated that its utility "turns upon whether the court rules that the foreclosure sale was in violation of the automatic stay." *Id.* at 20.  He further stated that "[i]f the court so rules then the plan can go into effect" but "[i]f the court rules against the Debtor the plan will be moot." *Id.*

Following hearings on Appellant's Chapter 13 Plan and on motions filed by FNMA seeking, *inter alia*, dismissal of Appellant's complaint, the Bankruptcy Court (Nevins, *J.*) issued a memorandum of decision and order granting FNMA's motion to dismiss, which was subsequently amended to correct the title.  *See* Amended Decision, *In Re Buhl* (ECF No. 35) (Bankr. D. Conn. July 22, 2019) (hereafter "Decision").  The Bankruptcy Court found cause to dismiss Appellant's case based on Appellant's own admissions at the hearing that he filed the present action to stop an eviction scheduled for May 22, 2019, and that he likewise filed his 2015 and 2016 bankruptcy cases a few days before scheduled foreclosures of the Property.  Decision at 4.  The Bankruptcy Court observed that Appellant could have reopened the bankruptcy case he filed in 2016 to challenge the alleged stay violation but instead waited eighteen months to assert the issue via the instant proceeding in the shadow of his pending eviction.  As a separate and independent reason for dismissal, the Bankruptcy Court cited Appellant's failure to commence Chapter 13 plan payments and his absence of an adequate explanation for this failure. *Id.* at 5.  In sum, "[b]ased on the pattern of serial bankruptcy filings on the eve of adverse consequences in a foreclosure and eviction process, the two-party nature of the dispute, the unconfirmable nature of

the proposed Chapter 13 Plan, and the failure to make any plan payments as required by Bankruptcy Code § 1326(a)," the court held "that there is cause to dismiss or convert this case pursuant to Bankruptcy Code §§ 1307(c) and 1307(c)(4)." *Id.* The court imposed a one-year ban on Appellant filing another bankruptcy case in any United States Bankruptcy Court. *Id.* at 6. This appeal followed.

On appeal, Appellant argues that the Bankruptcy Court committed clear error by failing to consider the viability of his Chapter 13 Plan and his offer to repurchase the Property on terms that would have resolved the entire debt owed to FNMA. He further asserts that his multiple bankruptcy filings do not demonstrate bad faith because those cases "were not pursued to resolution solely due to factors beyond his control." Appellant's Br. at 10. FNMA and the Trustee argue that the Bankruptcy Court acted within its authority in dismissing the action and issuing the bar.

**Standard of Review**

Pursuant to 28 U.S.C. § 158(a)(1), this Court has jurisdiction over an appeal from a final judgment, order, or decree of the United States Bankruptcy Court. This Court must "review the bankruptcy court's findings of fact for clear error and its legal determinations de novo." *In re Anderson*, 884 F.3d 382, 387 (2d Cir. 2018). "A finding is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been made." *In re Toor*, 477 B.R. 299, 303 (D. Conn. 2012).

"Because a bankruptcy court's decision to dismiss for cause is guided by equitable principles, it is reviewed for abuse of discretion." *In re Murray*, 565 B.R. 527, 530 (S.D.N.Y. 2017), *aff'd*, 900 F.3d 53 (2d Cir. 2018). Likewise, the Bankruptcy Court's decision to impose a time bar on a debtor's bankruptcy filings is reviewed for abuse of discretion. *In re Wenegieme*,

6

No. 17-CV-2100 (RJS), 2018 WL 9536800, at *2 (S.D.N.Y. Jan. 9, 2018). "A bankruptcy court exceeds its allowable discretion where its decision (1) 'rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding,' or (2) 'cannot be located within the range of permissible decisions,' even if it is 'not necessarily the product of a legal error or a clearly erroneous factual finding." *In re Murray*, 565 B.R. at 530 (quoting *In re Smith*, 507 F.3d 64, 73 (2d Cir. 2007)); *see also Mercury Capital Corp. v. Milford Connecticut Assocs., L.P.*, 354 B.R. 1, 7 (D. Conn. 2006) ("Matters and decisions within the discretion of the bankruptcy judge will not be disturbed unless [the Court] find[s] that no reasonable man could agree with the decision.") (quotation marks and citation omitted).[2]

**Discussion**

The narrow issue presented by this appeal is whether the Bankruptcy Court abused its discretion when it dismissed Appellant's Chapter 13 action as brought in bad faith, in light of his serial filing of bankruptcy petitions admittedly timed to forestall foreclosure or eviction proceedings, and because Appellant failed to make plan payments. "The Second Circuit has treated bankruptcy courts' findings of bad faith based on serial bankruptcy filings as finding of fact reviewable for clear error." *In re Toor*, 477 B.R. at 306–07 (citing *In re Casse*, 198 F.3d 327, 341 (2d Cir. 1999)). Similarly, the Bankruptcy Court's rendering of other "factual findings that underlie" its dismissal, such as a debtor's failure to make plan payments, will be deemed to give rise to an abuse of discretion "only when such findings are clearly erroneous." *Holt v. JPMorgan Chase Bank, N.A.*, No. 18-CV-3073 (KMK), 2019 WL 452056, at *1 (S.D.N.Y. Feb. 5, 2019),

---

[2] While the Court is mindful of "[t]he solicitude afforded to *pro se* litigants," *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), Mr. Buhl's status as an attorney, as well as "his extensive experience with bankruptcy appellate proceedings," arguably "diminishes the degree of leniency he should be afforded," *In re Truong*, 327 Fed. App'x 260, 262 (2d Cir. 2009) (summary order). Given the issues raised and the limited scope of the Court's review, the question of leniency to be conferred upon Mr. Buhl's pleadings ultimately does not alter the Court's consideration of Mr. Buhl's arguments or the disposition of this appeal.

7

*appeal filed sub nom. In re Richard Holt*, No. 19-693 (2d Cir. Mar. 21, 2019) (quotation marks and citation omitted).

"A number of factors may be indicative of a bad faith filing, including (1) the debtor's filing demonstrates an intent to delay or otherwise frustrate the legitimate efforts of secured creditors to pursue their rights, (2) the debtor has filed multiple bankruptcy petitions, and (3) the debtor filed his bankruptcy petition on the eve of a foreclosure." *In re Cameron*, No. 3:18-CV-01165 (JCH), 2019 WL 1383069, at *7 (D. Conn. Mar. 27, 2019) (internal citations and quotation marks omitted). Here, given the Buhls' "multiple bankruptcy petitions" and Appellant's own admission that he filed his first two bankruptcy actions only days before a proposed judicial foreclosure sale, *see* Audio Attachment at 00:15:20–15:30, *In Re Buhl* (ECF No. 23) (Bankr. D. Conn. July 11, 2019), and the instant Chapter 13 petition to avoid his eviction, *id.* at 00:15:58–16:03, the Court is not "left with the definite and firm conviction that a mistake has been made," *In re Toor*, 477 B.R. at 303, with respect to the Bankruptcy Court's determination of bad faith. While the audio recordings of the Bankruptcy Court hearings reflect Appellant's vigorous efforts to remedy what he perceived as the Superior Court's wrongful rejection of his notice of bankruptcy, the Bankruptcy Court made clear that it did not need to determine whether a violation of the automatic stay occurred in the 2016 case and that it accordingly need not take up the issue of the validity of the foreclosure in order to adjudicate the motion to dismiss. Decision at 2. The Bankruptcy Court further observed that Appellant could have moved to reopen the 2016 case to challenge the alleged stay violation but that such a motion would not have provided the same tactical advantage as was achieved by filing a new Chapter 13 petition—*i.e.*, a new automatic stay to halt the eviction. *Id.* Indeed, Appellant conceded as much at the hearing on FNMA's motion for relief from stay. When asked why he did not pursue his claim in the 2016 case, he candidly

8

told the Court that "we would have been out of the house by the time the motion was heard." Audio Attachment at 00:19:12–19:17, *In Re Buhl* (ECF No. 28) (Bankr. D. Conn. July 17, 2019). This, too, supports the finding of bad faith made by the Bankruptcy Court.

Notwithstanding, Appellant asserts that any finding of bad faith is belied by he and his wife's "full intention of making FNMA whole" as demonstrated by the fact that they had "secured financing, offered to purchase the Property for far more than FNMA could have gotten in the marketplace while paying retroactively FNMA's carrying costs through [the] date of closing." Appellant's Br. at 9. First, the record does not contain any evidence to support these contentions. But even if considered, they do not undermine the Bankruptcy Court's determination that the instant Chapter 13 bankruptcy petition was filed and pursued in bad faith.

In short, the Bankruptcy Court's finding of bad faith was not clear error and it was well within the Bankruptcy Court's discretion to dismiss the action. *See, e.g.*, *Bromfield v. U.S. Bank, Nat'l Ass'n*, No. 3:18-CV-00249 (JAM), 2019 WL 1011320, at *2 (D. Conn. Mar. 4, 2019) (affirming dismissal of Chapter 13 proceeding based upon debtor having "filed her Chapter 13 petition just one day before she would lose the right of redemption on her mortgage"); *Holt*, 2019 WL 452056, at *2 (affirming dismissal based on inference of bad faith arising from debtor's serial findings, "especially . . . given that many of the filings came in close proximity to trial days in the underlying state-court forfeiture action") (quotation marks omitted); *In re Wenegieme*, 2018 WL 9536800, at *3 (affirming dismissal with prejudice pursuant to Section 1307(c) and finding "that Appellant's history as a serial filer and her stated purpose of thwarting foreclosure attempts alone justify the Bankruptcy Court's conclusion").

In addition, there is no record evidence that calls into question the Bankruptcy Court's finding that Appellant failed to make plan payments as required by 11 U.S.C. § 1326(a)(1). Again,

9

this was effectively conceded by Appellant at the hearing, Audio Attachment at 00:27:31–27:50, *In Re Buhl* (ECF No. 23) (Bankr. D. Conn. July 11, 2019), and provided an independent basis upon which to dismiss the action. *See, e.g.*, *Quinn v. Bank of New York Mellon*, No. 5:17-CV-137 (GWC), 2018 WL 3448213, at *4 (D. Vt. July 16, 2018) (upholding dismissal of Chapter 13 petition where the debtor "was in default of his plan obligations and had not complied with the court's orders within the time allotted").

In sum, the Bankruptcy Court aptly characterized the case as a two-party dispute between Appellant and a single creditor, with an unconfirmable plan, a history of strategically timed serial filings, and a failure to make plan payments as required. The dismissal was neither founded upon clearly erroneous factual findings, nor an abuse of discretion for any other reason.

Lastly, based on its finding that Appellant's three bankruptcy petitions were each filed to delay a foreclosure or eviction and that Appellant had unreasonably and strategically delayed his challenge to the alleged stay violation in the 2016 case, the Bankruptcy Court's imposition of the one-year filing bar was also not an abuse of discretion. *See* Decision at 6; *In re Wenegieme*, 2018 WL 9536800, at *4.

**Conclusion**

For the foregoing reasons, the Court affirms the order of the Bankruptcy Court dismissing the Appellant's Chapter 13 case with prejudice and imposing a one-year bar on filing for bankruptcy relief.

**SO ORDERED** at Bridgeport, Connecticut, this 13th day of April 2020.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE